| | | |
|---|---|---|
| NATASHA LYNETTE BOLES; DANIEL LEWIS FINLEY; GLENDA FAYE ELLIOTT; GLORIA JEAN SILVERMAN; GENA MARIE VLAMING and JAVIER ANTONIO GALVAN; TERRY KEITH DAILEY; MARGARET WHITFIELD DANIEL; SAM LAMAR SUMMERLIN; JEFF DILTZ and JERA DILTZ; BRENDA LEE LEIFSON and LEE GEORGE LEIFSON; JASON PAUL HOLBROOK and KERENSA HOLBROOK; JANET CLAIRE PEDERSON; LISA DAWN MILLER; NANCY ELIZABETH GUY; AND MARIO JOHN COWELL and RUTH MARY COWELL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:15-CV-00351-JMS-DKL |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | |
| ELI LILLY AND COMPANY, **Defendant.** | ) ) ) | |

## ANSWER TO SECOND AMENDED COMPLAINT
## AND JURY DEMAND

Defendant Eli Lilly and Company ("Lilly"), by and through its undersigned attorney, hereby files its Answer and Defenses to Plaintiffs' Second Amended Complaint.

## <u>INTRODUCTION</u>

1.     Lilly admits that it manufactures, markets, and sells Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions and other labeled risks and benefits of the medications.  Lilly lacks knowledge or information sufficient to form a

belief as to the truth or accuracy of the remaining allegations in INTRODUCTION Paragraph 1 and therefore denies the same.

## PARTIES

1.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 1.  However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

2.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2.  However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

3.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 3.  However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

4.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 4.  However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

5.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 5.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

6.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 6.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

7.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 7.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

8.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 8.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

9.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly

has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

10. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10. However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

11. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 11. However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

12. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12. However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

13. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 13. However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

14.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 14.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

15.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 15.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

16.     Lilly admits that it is an Indiana corporation with its principal place of business in Indianapolis, Indiana.    Lilly also admits that it is engaged in the business of research, development, testing, manufacturing, producing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®.    Lilly denies the remaining allegations in Paragraph 16.

### JURISDICTION AND VENUE

17.     Lilly admits only that each Plaintiff is seeking damages in excess of $75,000.00 and denies that any Plaintiff is entitled to damages in any amount.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning diversity jurisdiction and therefore denies the remaining allegations in Paragraph 17.    However, consistent with the parties' Joint Jurisdictional Statement in *Hill v. Eli Lilly and Co.*, Case No. 1:15-CV-0141 (ECF No. 28), Lilly has proposed to plaintiffs' counsel that the plaintiffs could

provide sworn declarations attesting to their citizenship, and that Lilly will file an amended answer upon receipt of such declarations.

18.     Lilly admits that it is authorized to conduct business and does conduct business in Indiana.  Lilly denies the remaining allegations in Paragraph 18 on the basis that they purport to allege conclusions of law and thus do not require a response.

19.     Paragraph 19 purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

20.     Paragraph 20 purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

## FACTUAL ALLEGATIONS

21.     Paragraph 21 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.

22.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed and sold Prozac®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly admits that Prozac® is in the class of prescription medications known as selective serotonin reuptake inhibitors ("SSRIs"), but denies the relevance of the information.  Lilly admits that the United States Food and Drug Administration ("FDA") approved Prozac® in 1987 as a safe and effective medication for the treatment of Major Depressive Disorder ("MDD").  Lilly admits that Prozac®'s patent expired in August 2001.  Allegations pertaining to SSRIs as a class of antidepressants are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 22.

23.     Lilly admits that Cymbalta® is a serotonin norepinephrine reuptake inhibitor ("SNRI").  Allegations pertaining to statements made about SNRIs are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 23.

24.     Lilly denies the allegations in Paragraph 24.

25.     Lilly admits that the FDA approved Cymbalta® in 2004 for the treatment of Major Depressive Disorder ("MDD").  Lilly further admits that the FDA approved Cymbalta® for the treatment of Generalized Anxiety Disorder ("GAD") in 2007 and fibromyalgia in 2008.  Lilly denies the remaining factual allegations in Paragraph 25.

26.     Lilly admits that the FDA approved Cymbalta® in 2004.  Lilly also admits that it researched, tested, developed, manufactured, labeled, marketed, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly further admits that it promoted Cymbalta® to prescribers through its sales representatives.  The allegations pertaining to the promotion of Cymbalta® utilizing Lilly sales representatives are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 26.

27.     Lilly denies the allegations in Paragraph 27.

28.     Lilly admits that the half-life of a drug is the time it takes for the concentration of the drug in the body to be reduced by one-half.  Lilly further admits that, since 2004, the Cymbalta label has stated that the half-life of Cymbalta is approximately 12 hours.  Lilly denies the remaining allegations in Paragraph 28.

29.     Lilly admits that Paragraph 29 contains an accurate partial quotation from the 2004 Cymbalta label.  Lilly denies the remaining allegations in Paragraph 29 as characterized by Plaintiffs.

30.     Lilly denies the allegations in Paragraph 30.

31.     Lilly denies the allegations in Paragraph 31.

32.     Lilly admits that the risk of discontinuation symptoms from antidepressant therapy was a well understood clinical phenomenon for decades prior to Cymbalta's approval and that the need for tapering off of antidepressant therapy was also well understood.  Lilly denies the remaining allegations in Paragraph 32.

33.     Lilly denies the allegations in Paragraph 33.  Answering further, Lilly notes that the cited articles speak for themselves.

34.     Lilly denies the allegations in Paragraph 34.  Answering further, Lilly notes that the cited materials speak for themselves.

35.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004.  Lilly admits that the Cymbalta® label contains the following "WARNINGS AND PRECAUTIONS" section regarding "Discontinuation of Treatment with Cymbalta®":

> Discontinuation symptoms have been systematically evaluated in patients taking duloxetine.  Following abrupt or tapered discontinuation in placebo-controlled clinical trials, the following symptoms occurred at 1% or greater and at a significantly higher rate in duloxetine-treated patients compared to those discontinuing from placebo: dizziness, headache, nausea, diarrhea, paresthesia, irritability, vomiting, insomnia, anxiety, hyperhidrosis, and fatigue.  During marketing of other SSRIs and SNRIs (serotonin and norepinephrine reuptake inhibitors), there have been spontaneous reports of adverse events occurring upon discontinuation of these drugs, particularly when abrupt, including the following: dysphoric mood, irritability, agitation, dizziness, sensory disturbances (e.g.,

paresthesias such as electric shock sensations), anxiety, confusion, headache, lethargy, emotional lability, insomnia, hypomania, tinnitus, and seizures. Although these events are generally self-limiting, some have been reported to be severe.

Patients should be monitored for these symptoms when discontinuing treatment with Cymbalta®. A gradual reduction in the dose rather than abrupt cessation is recommended whenever possible. If intolerable symptoms occur following a decrease in the dose or upon discontinuation of treatment, then resuming the previously prescribed dose may be considered. Subsequently, the physician may continue decreasing the dose but at a more gradual rate . . . .

Paragraph 35 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the remaining allegations.

36.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004. Lilly admits that the Cymbalta® label contains the warning detailed in Paragraph 35, above. Paragraph 36 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the remaining allegations.

37.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 37 of the Second Amended Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 37.

38.     Paragraph 38 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 38.

39.     Lilly denies the allegations in Paragraph 39.

40.     Lilly admits that Cymbalta is designed as delayed-release capsules at dosages of 20 mg, 30 mg, and 60 mg. Lilly further admits that Cymbalta should be swallowed whole. Lilly denies the remaining allegations in Paragraph 40.

41.     Lilly denies the allegations in Paragraph 41.

42.     The allegations pertaining to the sales and profitability of Cymbalta are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Paragraph 42 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta. Lilly denies any remaining allegations in Paragraph 42.

43.     Lilly denies the allegations in Paragraph 43.

44.     Lilly denies the allegations in Paragraph 44.

45.     Paragraph 45 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 46 relating to Plaintiffs' use of Cymbalta and therefore denies the same.

## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

46.     Lilly incorporates by reference, as if fully set forth herein, its answers to all other paragraphs of Plaintiffs' Second Amended Complaint.

47.     Lilly denies the allegations in Paragraph 47, including all subparts, and further denies that Plaintiffs are entitled to any damages or other recovery in this case.

### I.     PLAINTIFF NATASHA LYNETTE BOLES

48.     Lilly denies the allegations in Paragraph 48.

49.     Paragraph 49 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 49 relating to Plaintiff Natasha Lynette Boles' use of Cymbalta and therefore denies the same.

50.     Paragraph 50 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 50 relating to Plaintiff Natasha Lynette Boles' use of Cymbalta and therefore denies the same.

51.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 51 relating to Plaintiff Natasha Lynette Boles' use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 51.

52.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 52 relating to Plaintiff Natasha Lynette Boles' use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 52.

53.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 53 relating to Plaintiff Natasha Lynette Boles' use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations in Paragraph 53.

54.     Lilly denies the allegations in Paragraph 54.

55.     Lilly denies the allegations in Paragraph 55 and further denies that Plaintiff Natasha Lynette Boles is entitled to any damages from Lilly.

**II.     PLAINTIFF DANIEL LEWIS FINLEY**

56.     Lilly denies the allegations in Paragraph 56.

57.     Paragraph 57 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 57 relating to Plaintiff Daniel Lewis Finley's use of Cymbalta and therefore denies the same.

58.     Paragraph 58 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 58 relating to Plaintiff Daniel Lewis Finley's use of Cymbalta and therefore denies the same.

59.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 59 relating to Plaintiff Daniel Lewis Finley's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 59.

60.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 60 relating to Plaintiff Daniel Lewis Finley's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 60.

61.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 61 relating to Plaintiff Daniel Lewis Finley's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 61.

62.     Lilly denies the allegations in Paragraph 62.

63.     Lilly denies the allegations in Paragraph 63 and further denies that Plaintiff Daniel Lewis Finley is entitled to any damages from Lilly.

**III.     PLAINTIFF GLENDA FAYE ELLIOTT**

64.     Lilly denies the allegations in Paragraph 64.

65.     Paragraph 65 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 65 relating to Plaintiff Glenda Faye Elliott's use of Cymbalta and therefore denies the same.

66.     Paragraph 66 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 66 relating to Plaintiff Glenda Faye Elliott's use of Cymbalta and therefore denies the same.

67.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 67 relating to Plaintiff Glenda Faye Elliott's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 67.

68.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 68 relating to Plaintiff Glenda Faye Elliott's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 68.

69.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 69 relating to Plaintiff Glenda Faye Elliott's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 69.

70.     Lilly denies the allegations in Paragraph 70.

71.     Lilly denies the allegations in Paragraph 71 and further denies that Plaintiff Glenda Faye Elliott is entitled to any damages from Lilly.

**V.     PLAINTIFF GLORIA JEAN SILVERMAN**

72.     Lilly denies the allegations in Paragraph 72.

73.     Paragraph 73 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 73 relating to Plaintiff Gloria Jean Silverman's use of Cymbalta and therefore denies the same.

74. Paragraph 74 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 74 relating to Plaintiff Gloria Jean Silverman's use of Cymbalta and therefore denies the same.

75. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 75 relating to Plaintiff Gloria Jean Silverman's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 75.

76. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 76 relating to Plaintiff Gloria Jean Silverman's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 76.

77. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 77 relating to Plaintiff Gloria Jean Silverman's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 77.

78. Lilly denies the allegations in Paragraph 78.

79. Lilly denies the allegations in Paragraph 79 and further denies that Plaintiff Gloria Jean Silverman is entitled to any damages from Lilly.

**V.     PLAINTIFFS GENA MARIE VLAMING AND JAVIER ANTONIO GALVAN**

80. Lilly denies the allegations in Paragraph 80.

81. Paragraph 81 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 81 relating to Plaintiff Gena Marie Vlaming's use of Cymbalta and therefore denies the same.

82. Paragraph 82 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 82 relating to Plaintiff Gena Marie Vlaming's use of Cymbalta and therefore denies the same.

83. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 83 relating to Plaintiff Gena Marie Vlaming's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 83.

84. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 84 relating to Plaintiff Gena Marie Vlaming's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 84.

85. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 85 relating to Plaintiff Gena Marie Vlaming's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 85.

86. Lilly denies the allegations in Paragraph 86.

87. Paragraph 87 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 87 relating to the alleged injuries and therefore denies the same.

88. Lilly denies the allegations in Paragraph 88 and further denies that Plaintiffs Gena Marie Vlaming and/or Javier Antonio Galvan are entitled to any damages from Lilly.

## VI.    PLAINTIFF TERRY KEITH DAILEY

89.    Lilly denies the allegations in Paragraph 89.

90.    Paragraph 90 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 90 relating to Plaintiff Terry Keith Dailey's use of Cymbalta and therefore denies the same.

91.    Paragraph 91 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 91 relating to Plaintiff Terry Keith Dailey's use of Cymbalta and therefore denies the same.

92.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 92 relating to Plaintiff Terry Keith Dailey's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 92.

93.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 93 relating to Plaintiff Terry Keith Dailey's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 93.

94.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 94 relating to Plaintiff Terry Keith Dailey's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 94.

95.    Lilly denies the allegations in Paragraph 95.

96.    Lilly denies the allegations in Paragraph 96 and further denies that Plaintiff Terry Keith Dailey is entitled to any damages from Lilly.

## VII.   PLAINTIFF MARGARET WHITFIELD DANIEL

97.      Lilly denies the allegations in Paragraph 97.

98.      Paragraph 98 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 98 relating to Plaintiff Margaret Whitfield Daniel's use of Cymbalta and therefore denies the same.

99.      Paragraph 99 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 99 relating to Plaintiff Margaret Whitfield Daniel's use of Cymbalta and therefore denies the same.

100.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 100 relating to Plaintiff Margaret Whitfield Daniel's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 100.

101.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 101 relating to Plaintiff Margaret Whitfield Daniel's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 101.

102.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 102 relating to Plaintiff Margaret Whitfield Daniel's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 102.

103.     Lilly denies the allegations in Paragraph 103.

104.     Lilly denies the allegations in Paragraph 104 and further denies that Plaintiff Margaret Whitfield Daniel is entitled to any damages from Lilly.

## VIII.    PLAINTIFF SAM LAMAR SUMMERLIN

105.     Lilly denies the allegations in Paragraph 105.

106.     Paragraph 106 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 106 relating to Plaintiff Sam Lamar Summerlin's use of Cymbalta and therefore denies the same.

107.     Paragraph 107 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 107 relating to Plaintiff Sam Lamar Summerlin's use of Cymbalta and therefore denies the same.

108.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 108 relating to Plaintiff Sam Lamar Summerlin's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 108.

109.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 109 relating to Plaintiff Sam Lamar Summerlin's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 109.

110.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 110 relating to Plaintiff Sam Lamar Summerlin's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 110.

111.     Lilly denies the allegations in Paragraph 111.

112.     Lilly denies the allegations in Paragraph 112 and further denies that Plaintiff Sam Lamar Summerlin is entitled to any damages from Lilly.

## IX.     PLAINTIFFS JEFF DILTZ AND JERA DILTZ

113.     Lilly denies the allegations in Paragraph 113.

114.     Paragraph 114 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 114 relating to Plaintiff Jeff Diltz's use of Cymbalta and therefore denies the same.

115.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 115 relating to Plaintiff Jeff Diltz's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 115.

116.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 116 relating to Plaintiff Jeff Diltz's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 116.

117.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 117 relating to Plaintiff Jeff Diltz's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 117.

118.     Lilly denies the allegations in Paragraph 118.

119.     Paragraph 119 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 119 relating to the alleged injuries and therefore denies the same.

120.     Lilly denies the allegations in Paragraph 120 and further denies that Plaintiffs Jeff Diltz and/or Jera Diltz are entitled to any damages from Lilly.

## X.      PLAINTIFFS BRENDA LEE LEIFSON AND GEORGE LEE LEIFSON

121.     Lilly denies the allegations in Paragraph 121.

122.     Paragraph 122 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 122 relating to Plaintiff Brenda Lee Leifson's use of Cymbalta and therefore denies the same.

123.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 123 relating to Plaintiff Brenda Lee Leifson's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 123.

124.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 124 relating to Plaintiff Brenda Lee Leifson's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 124.

125.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 125 relating to Plaintiff Brenda Lee Leifson's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 125.

126.     Lilly denies the allegations in Paragraph 126.

127.     Paragraph 127 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 127 relating to the alleged injuries and therefore denies the same.

128.     Lilly denies the allegations in Paragraph 128 and further denies that Plaintiffs Brenda Lee Leifson and/or Lee George Leifson are entitled to any damages from Lilly.

## XI.     PLAINTIFF JASON PAUL HOLBROOK

129.     Lilly denies the allegations in Paragraph 129.

130.     Paragraph 130 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 130 relating to Plaintiff Jason Paul Holbrook's use of Cymbalta and therefore denies the same.

131.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 131 relating to Plaintiff Jason Paul Holbrook's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 131.

132.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 132 relating to Plaintiff Jason Paul Holbrook's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 132.

133.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 133 relating to Plaintiff Jason Paul Holbrook's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 133.

134.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 134 relating to Plaintiff Jason Paul Holbrook's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 134.

135.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 135 relating to Plaintiff Jason Paul Holbrook's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 135.

136.     Lilly denies the allegations in Paragraph 136.

137.     Paragraph 137 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 137 relating to the alleged injuries and therefore denies the same.

138.     Lilly denies the allegations in Paragraph 138 and further denies that Plaintiff Jason Paul Holbrook is entitled to any damages from Lilly.

**XII.     PLAINTIFF JANET CLAIRE PEDERSON**

139.     Lilly denies the allegations in Paragraph 139.

140.     Paragraph 140 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 140 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same.

141.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 141 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 141.

142.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 142 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 142.

143.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 143 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 143.

144.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 144 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 144.

145.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 145 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 145.

146.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 146 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 146.

147.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 147 relating to Plaintiff Janet Claire Pederson's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 147.

148.     Lilly denies the allegations in Paragraph 148.

149.     Lilly denies the allegations in Paragraph 149 and further denies that Plaintiff Janet Claire Pederson is entitled to any damages from Lilly.

### XIII. PLAINTIFF LISA DAWN MILLER

150.    Lilly denies the allegations in Paragraph 150.

151.    Paragraph 151 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 151 relating to Plaintiff Lisa Dawn Miller's use of Cymbalta and therefore denies the same.

152.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 152 relating to Plaintiff Lisa Dawn Miller's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 152.

153.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 153 relating to Plaintiff Lisa Dawn Miller's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 153.

154.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 154 relating to Plaintiff Lisa Dawn Miller's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 154.

155.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 155 relating to Plaintiff Lisa Dawn Miller's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 155.

156.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 156 relating to Plaintiff Lisa Dawn Miller's use of

Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 156.

157. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 157 relating to Plaintiff Lisa Dawn Miller's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 157.

158. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 158 relating to Plaintiff Lisa Dawn Miller's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 158.

159. Lilly denies the allegations in Paragraph 159.

160. Lilly denies the allegations in Paragraph 160 and further denies that Plaintiff Lisa Dawn Miller is entitled to any damages from Lilly.

**XIV. PLAINTIFF NANCY ELIZABETH GUY**

161. Lilly denies the allegations in Paragraph 161.

162. Paragraph 162 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 162 relating to Plaintiff Nancy Elizabeth Guy's use of Cymbalta and therefore denies the same.

163. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 163 relating to Plaintiff Nancy Elizabeth Guy's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 163.

164.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 164 relating to Plaintiff Nancy Elizabeth Guy's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 164.

165.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 165 relating to Plaintiff Nancy Elizabeth Guy's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 165.

166.    Lilly denies the allegations in Paragraph 166.

167.    Lilly denies the allegations in Paragraph 167 and further denies that Plaintiff Nancy Elizabeth Guy is entitled to any damages from Lilly.

## XV.    PLAINTIFFS MARIO JOHN COWELL AND RUTH MARY COWELL

168.    Lilly denies the allegations in Paragraph 168.

169.    Paragraph 169 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 169 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same.

170.    Paragraph 170 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 170 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same.

171.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 171 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 171.

172.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 172 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 172.

173.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 173 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 173.

174.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 174 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 174.

175.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 175 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 175.

176.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 176 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 176.

177.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 177 relating to Plaintiff Mario John Cowell's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 177.

178.     Lilly denies the allegations in Paragraph 178.

179.     Paragraph 179 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 179 relating to the alleged injuries and therefore denies the same.

180.     Lilly denies the allegations in Paragraph 180 and further denies that Plaintiffs Mario John Cowell and/or Ruth Mary Cowell are entitled to any damages from Lilly.

## FIRST CAUSE OF ACTION
### NEGLIGENCE

181.     Lilly reincorporates and realleges its Responses to all other of Plaintiffs' Second Amended Complaint as if fully set forth herein.

182.     Paragraph 182 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta.

183.     Paragraph 183 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual allegations in Paragraph 183, including subparts a through l.

184.     Paragraph 184 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual allegations in Paragraph 184.

185.     Lilly denies the allegations in Paragraph 185.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 185 relating to Plaintiffs' alleged injuries and therefore denies the same.

186.     Paragraph 186 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 186 relating to Plaintiffs' alleged injuries and therefore denies the same.

187.     Lilly denies the allegations in Paragraph 187, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 187.  Lilly denies that Plaintiffs are entitled to any such relief.

## SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – DESIGN DEFECT

188.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

189.     Lilly admits that it has sold Cymbalta in the states where the Plaintiffs are alleged to be citizens.  Paragraph 189 is vague and ambiguous as to time and on that basis, Lilly denies the remaining allegations in Paragraph 189.

190.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  The remaining allegations pertaining to Lilly's "product" are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and legal conclusions in Paragraph 190 relating to Plaintiffs' alleged injuries from Cymbalta and therefore denies the same.  Lilly denies the remaining allegations in Paragraph 190.

191. Lilly denies the allegations in Paragraph 191.

192. Lilly denies the allegations in Paragraph 192.

193. Lilly denies the allegations in Paragraph 193.

194. Paragraph 194 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, the allegations in Paragraph 194 are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations in Paragraph 194.

195. Paragraph 195 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 195 relating to Plaintiffs' alleged injuries and therefore denies the same.

196. Lilly denies the allegations in Paragraph 196, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 196. Lilly denies that Plaintiffs are entitled to any such relief.

**THIRD CAUSE OF ACTION: STRICT PRODUCT LIABILITY**

**FAILURE TO WARN**

197. Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

198. Lilly admits that it researched, tested, developed, manufactured, labeled, distributed, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly further admits that it has utilized direct-to-consumer advertising for

Cymbalta®, in conformity with applicable rules and regulations. Lilly objects to the term "persons responsible for consumers" as vague and ambiguous and on that basis denies the allegation. Paragraph 198 further purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 198.

199. Paragraph 199 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

200. Plaintiffs' allegation pertaining to "exclusive control" is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegation. Lilly denies the remaining allegations in Paragraph 200.

201. Lilly denies the allegations in Paragraph 201.

202. Paragraph 202 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 202.

203. Paragraph 203 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 203.

204. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 204 relating to Plaintiffs' alleged use of Cymbalta® and therefore denies the same.

205. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to Plaintiffs or Plaintiffs' physicians' ability to discover any

alleged "defect in the drug" and therefore denies the same. Lilly denies any remaining allegations in Paragraph 205.

206.    Lilly admits that it is engaged in the business of researching, developing, testing, manufacturing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®. Paragraph 206 purports to allege conclusions of law that do not require a response and on that basis, Lilly denies the allegations. Lilly denies the remaining factual allegations in Paragraph 206.

207.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 207 relating to Plaintiffs' knowledge and therefore denies the same. Lilly denies the remaining allegations in Paragraph 207.

208.    Paragraph 208 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining factual allegations in Paragraph 208.

209.    Lilly denies the allegations in Paragraph 209.

210.    Lilly denies the allegations in Paragraph 210.

211.    Paragraph 211 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 211 relating to Plaintiffs' alleged injuries and therefore denies the same.

212.    Lilly denies the allegations in Paragraph 212, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 212. Lilly denies that Plaintiffs are entitled to any such relief.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

213.     Lilly reincorporates and realleges its Responses to all paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

214.     Paragraph 214 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

215.     Lilly denies the allegations in Paragraph 215.

216.     Paragraph 216 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

217.     Lilly denies the allegations in Paragraph 217.

218.     Lilly denies the allegations in Paragraph 218.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 218 relating to Plaintiffs and/or their physicians' alleged actions, knowledge, beliefs, and injuries and therefore denies the same.

219.     Paragraph 219 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 219 and therefore denies the same.

220.     Paragraph 220 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 220 relating to Plaintiffs' alleged injuries and therefore denies the same.

221.     Lilly denies the allegations in Paragraph 221, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 221.  Lilly denies that Plaintiffs are entitled to any such relief.

## FIFTH CAUSE OF ACTION

## FRAUD

222.     Lilly reincorporates and realleges its Responses to all paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

223.     Paragraph 223 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Answering further, Lilly notes that the text of *Wyeth v. Levine*, 555 U.S. 555, 571 (2009), speaks for itself.

224.     Lilly denies the allegations in Paragraph 224.

225.     Lilly denies the allegations in Paragraph 225.

226.     Lilly denies the allegations in Paragraph 226, including subparts (a) - (i).

227.     Lilly denies the allegations in Paragraph 227.

228.     Paragraph 228 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 228 and therefore, denies the same.

229.     Paragraph 229 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 229 and therefore denies the same.

230.     Lilly denies the allegations in Paragraph 230.

231.     Paragraph 231 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

232.     Lilly denies the allegations in Paragraph 232.

233.     Paragraph 233 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining allegations in Paragraph 233.

234.     Paragraph 234 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 225, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 234.  Lilly denies that Plaintiffs are entitled to any such relief.

235.     Paragraph 235 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 235 relating to Plaintiffs' alleged injuries and therefore denies the same.

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

236.     Lilly reincorporates and realleges its Responses to all paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

237.     Lilly denies the allegations in Paragraph 237.

238.     Paragraph 238 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 238 relating

to Plaintiffs' alleged injuries or Plaintiffs' alleged "discontinuation" of Cymbalta® and therefore denies the same.

239.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 239 and therefore denies the same.

240.    Paragraph 240 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

241.    Paragraph 241 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 241 relating to Plaintiffs' injuries and therefore denies the same.

242.    Paragraph 242 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 242 relating to Plaintiffs' alleged injuries and therefore denies the same.

243.    Lilly denies the allegations in Paragraph 243, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 243.  Lilly denies that Plaintiffs are entitled to any such relief.

**SEVENTH CAUSE OF ACTION**

**LOUISIANA PRODUCTS LIABILITY ACT ("LPLA"), DESIGN DEFECT UNDER LSR-R.S. 9:2800.56**

244.    Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

245.     Lilly admits that it designed, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  The remaining allegations are vague and ambiguous as to time, and on that basis, Lilly denies the allegations and denies all remaining allegations in Paragraph 245.

246.     Lilly admits that it has sold Cymbalta in the State of Louisiana.  Paragraph 246 is vague and ambiguous as to time and on that basis, Lilly denies the remaining allegations in Paragraph 246.

247.     Lilly denies the allegations in Paragraph 247.

248.     Lilly admits that it manufactured, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  The remaining allegations are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and legal conclusions in Paragraph 248 relating to the allegations concerning the condition in which Cymbalta reached Plaintiff and therefore denies the same.  Lilly denies the remaining allegations in Paragraph 248.

249.     Lilly denies the allegations in Paragraph 249.

250.     Lilly admits that it manufactured, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and

other labeled risks and benefits of the medication and that Cymbalta was merchantable and reasonably suited to the use intended. The remaining allegations pertaining to Lilly's "product" are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and legal conclusions in Paragraph 250 relating to Plaintiff Glenda Faye Elliott's alleged injuries and therefore denies the same. Lilly denies the remaining allegations in Paragraph 250.

251.     Lilly denies the allegations in Paragraph 251.

252.     Lilly denies that Cymbalta is dangerous and likely to place users at serious risk to their health. Lilly denies all remaining allegations in Paragraph 252

253.     Lilly denies the allegations in Paragraph 253.

254.     Lilly denies the allegations in Paragraph 254.

255.     Paragraph 255 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 255 relating to Plaintiff Glenda Faye Elliott's alleged injuries and therefore denies the same.

## EIGHTH CAUSE OF ACTION

## LOUISIANA PRODUCTS LIABILITY ACT

## DEFECT IN CONSTRUCTION OR COMPOSITION UNDER LSR- R.S. 9:2800.55

256.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

257.     Paragraph 257 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 257.

258.     Lilly denies the allegations in Paragraph 258.

259.     Lilly admits that it designed, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Paragraph 259 purports to allege conditions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations in Paragraph 259.

260.     Lilly denies the allegations in Paragraph 260.

## NINTH CAUSE OF ACTION

## LOUISIANA PRODUCTS LIABILITY ACT

## INADEQUATE WARNING UNDER LSR- R.S. 9:2800.57

261.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

262.     Paragraph 262 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

263.     Lilly denies the allegations in Paragraph 263.

264.     Paragraph 264 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual allegations in Paragraph 264, including subparts A through J.

265.     Paragraph 265 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual allegations in Paragraph 265.

266.     Lilly denies the allegations of Paragraph 266.

267.     Lilly denies the allegations of Paragraph 267.

## TENTH CAUSE OF ACTION

## LOUISIANA PRODUCTS LIABILITY ACT

## BREACH OF EXPRESS WARRANTY UNDER LSR- R.S. 9:2800.58

268.    Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

269.    Paragraph 269 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 269 relating to Plaintiff Glenda Faye Elliott's alleged injuries or her alleged "use and discontinuation" of Cymbalta® and therefore denies the same.

270.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 270 and therefore denies the same.

271.    Paragraph 271 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations in Paragraph 271.

272.    Paragraph 272 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 272 relating to Plaintiff Glenda Faye Elliott's injuries and therefore denies the same.

273.    Lilly denies the allegations in Paragraph 273.

## PRAYER FOR RELIEF

274.    Lilly denies the allegations in Paragraph 274 of Plaintiffs' Second Amended Complaint, including all subparts, except that Lilly admits only that Plaintiffs seek the relief set forth in this paragraph.  Lilly denies that Plaintiffs are entitled to any relief whatsoever.

275.     Lilly denies each and every allegation in Plaintiffs' Second Amended Complaint not specifically admitted herein.

## DEMAND FOR JURY TRIAL

This section of Plaintiffs' Second Amended Complaint does not assert any allegation requiring a response.  To the extent a response is deemed necessary, Lilly admits that Plaintiffs request a trial by jury.

## GENERAL DENIAL AND DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Lilly in this matter.  Lilly, therefore, asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Lilly may withdraw any of these defenses as may be appropriate.  Further, Lilly reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Lilly states the following:

## FIRST DEFENSE

Each and every claim asserted or raised in the Second Amended Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Each and every claim asserted or raised in the Second Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes.

## FIFTH DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Lilly to warn Plaintiff directly of alleged dangers associated with the use of Cymbalta®, such claims are barred under the learned intermediary doctrine because Lilly has discharged its duty to warn in its warnings to the prescribing physician.

## SIXTH DEFENSE

To the extent that Plaintiffs asserts claims based on Lilly's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTH DEFENSE

Plaintiffs have not sustained an ascertainable loss of property or money.

## EIGHTH DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by application of the doctrine of comparative fault. Lilly invokes the provisions of the state law applicable to Plaintiffs' claims in the unlikely event that liability is established by Plaintiffs in this case.

## NINTH DEFENSE

If Plaintiffs has sustained injuries or losses as alleged in the Second Amended Complaint, such injuries or losses were only sustained after Plaintiffs knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Lilly or other manufacturer.

## TENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Lilly and over whom Lilly had not control and for whom Lilly may not be held accountable.

## ELEVENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Cymbalta®.

## TWELFTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely on any act, omission, or representation made by Lilly.

### FIFTEENTH DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Second Amended Complaint, such an award would, if granted, violate Lilly's state and federal rights.

### SIXTEENTH DEFENSE

No act or omission of Lilly was willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### SEVENTEENTH DEFENSE

Plaintiffs have not suffered any actual injury or damages.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Lilly provided legally adequate "directions or warnings" as to the use of Cymbalta® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement of (Second) of Torts.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Cymbalta®. Plaintiffs' causes of action are barred in whole or in part by their failure to assert a safer design for Cymbalta.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Lilly's conduct conforms with medical knowledge.

## TWENTY-FIFTH DEFENSE

With respect to each and every cause of action, Plaintiffs are not entitled to recover for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiffs' claims to a negligence cause of action.

## TWENTY-SIXTH DEFENSE

With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the product involved was unsafe, which Lilly denies, then it was unavoidably unsafe as defined in the Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-SEVENTH DEFENSE

Lilly's advertisement and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the Constitution of the United States and the Constitutions of the States of Illinois, Pennsylvania, Louisiana, California, Oklahoma, Utah, Missouri, Minnesota, Texas, Alabama, Florida, Tennessee, and Indiana.

## TWENTY-EIGHTH DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## TWENTY-NINTH DEFENSE

Lilly made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or any representations of any nature whatsoever to the Plaintiffs.

## THIRTIETH DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Lilly in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-FIRST DEFENSE

With respect to each and every purported cause of action, the acts of Lilly were at all times done in good faith and without malice.

### THIRTY-SECOND DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Lilly knew or should have known and which gave rise to a duty to warn, Lilly at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims against Lilly are barred because Plaintiffs' treating physicians fully informed Plaintiffs of the risks associated with the use of Cymbalta. Any informed consent and/or release given by Plaintiffs is pleaded as an affirmative defense.

### THIRTY-FOURTH DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiffs' Legal Committee</u>, 531 U.S. 341 (2000).

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in the state law applicable to Plaintiffs' claims.

### THIRTY-SIXTH DEFENSE

Any recovery by Plaintiffs for medical or healthcare expenses should be limited to the amount actually paid or incurred. Specifically, Plaintiffs are not entitled to an award of damages for medical bills for which no obligation to pay exists and/or ever existed.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' damages claims are barred by the economic loss doctrine.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims of fraud are barred by reason of the Second Amended Complaint's failure to allege the factual circumstances constituting the alleged fraud with particularity.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred because Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

## FORTIETH DEFENSE

Plaintiffs' claims may be barred by failure to join indispensable parties.

## FORTY-FIRST DEFENSE

Any claims relating to alleged communications with regulatory agencies of the U.S. government are barred in whole or in part by operation of Lilly's Second Amendment right to petition the government (the *Noerr-Pennington* Doctrine).

## FORTY-SECOND DEFENSE

To the extent Plaintiffs assert demand for punitive damages, Lilly specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon*

*Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

**FORTY-THIRD DEFENSE**

Any claim for punitive damages is limited by the law of the state applicable to Plaintiffs' claims.

**FORTY-FOURTH DEFENSE**

To the extent that Plaintiffs assert a claim for punitive damages, that claim is in contravention of the rights of Lilly under the following constitutional provisions:

a. Plaintiffs' claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and the analogous provisions of the Illinois, Pennsylvania, Louisiana, California, Oklahoma, Utah, Missouri, Minnesota, Texas, Alabama, Florida, Tennessee, and Indiana Constitutions, on grounds including the following:

   i. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Illinois, Pennsylvania, Louisiana, California, Oklahoma, Utah, Missouri, Minnesota, Texas, Alabama, Florida, Tennessee, and Indiana Constitutions;

   ii. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus

violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Illinois, Pennsylvania, Louisiana, California, Oklahoma, Utah, Missouri, Minnesota, Texas, Alabama, Florida, Tennessee, and Indiana Constitutions;

iii. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Illinois, Pennsylvania, Louisiana, California, Oklahoma, Utah, Missouri, Minnesota, Texas, Alabama, Florida, Tennessee, and Indiana Constitutions;

iv. the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the analogous provisions of the Illinois, Pennsylvania, Louisiana, California, Oklahoma, Utah, Missouri, Minnesota, Texas, Alabama, Florida, Tennessee, and Indiana Constitutions;

v. the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

vi. the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## FORTY-FIFTH DEFENSE

The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to the state law applicable to Plaintiffs' claims.

## FORTY-SIXTH DEFENSE

At all times pertinent to the Second Amended Complaint, Lilly did not have any knowledge of any peculiar susceptibility of Plaintiffs to damage or injury from mental anguish, if any. Plaintiffs' Second Amended Complaint seeks damages for injuries for mental anguish with which a reasonable person, normally constituted, would have been able to cope adequately.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge. Lilly invokes all state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiffs may have been owed.

Inasmuch as the Second Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Lilly to determine all of its legal, contractual, and equitable rights, Lilly reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Lilly will rely on all defenses that may become available during discovery or trial.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER ALABAMA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Alabama state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Some or all of the injuries alleged in the Second Amended Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions, by an idiosyncratic reaction, operation of nature, or act of God, for which Lilly is not responsible.

2.      Plaintiffs' claims for punitive damages are barred by § 6-11-20 and § 6-11-27 of the Alabama Code.

3.      Lilly affirmatively pleads the protections afforded it by § 6-11-21 of the Alabama Code.

4.      Some or all of the Plaintiffs' medical expenses have been paid by Plaintiffs' medical insurance carrier, or some other form of insurance, and Plaintiffs are not entitled to recover said medical expenses pursuant to § 6-5-522 of the Alabama Code.

5.      Punitive damages awards in Alabama are not governed by any specific or adequate standards, are not based on rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of the due process and equal protection provisions of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitutions, as well as those of Article I, Sections 1, 6, and 15 of the Alabama Constitution.  Therefore, Plaintiffs cannot recover punitive damages.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER CALIFORNIA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent California state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Any claim for punitive damages is limited by California Civil Code Section 3294 which requires proof by clear and convincing evidence.

2.      Plaintiffs' claims are barred, in whole or in part, by the principles set forth in the Restatement (Second) of Torts § 388, Comment n, and any similar doctrines and/or principles in the Restatement (Third) of Torts.

3.      Lilly invokes all defenses and/or limitations available to it under California's Unfair Competition Law and any other relevant state consumer protection statutes.


## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER FLORIDA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Florida state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Should Lilly be held liable to Plaintiffs, which liability is specifically denied, such liability is several, rather than joint, and should be prorated. Lilly further pleads the benefits of Fla. Stat. §§ 768.31 and 768.81.

2.      Lilly fully asserts the benefits of Fla. Stat. § 768.1256 and states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal

government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

3.      Any claim for punitive damages is limited by Fla. Stat. § 768.725 which requires proof by clear and convincing evidence of entitlement to punitive damages.

4.      Any claim for punitive damages is limited by Fla. Stat. § 768.73 to three times the amount of compensatory damages awarded to each claimant or $500,000.00, whichever is greater. Lilly asserts all other defenses and limitations on punitive damages contained in Fla. Stat. § 768.73.

5.      The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to *W.R. Grace & Co.–Conn. v. Waters*, 638 So. 2d 502, 506 (Fla. 1994)

6.      Plaintiffs' claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge. Lilly invokes Fla. Stat. § 768.1257 and all state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiffs may have been owed.

7.      Should Lilly be held liable to Plaintiffs, which liability is specifically denied, Lilly would be entitled to a set off for the total of all amounts paid to Plaintiffs from all collateral sources. Lilly further pleads the benefits of Fla. Stat. § 768.76.

8.      Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), *Allied-Signal, Inc. v. Fox*, 623 So. 2d 1180 (Fla. 1993), and *Messmer v. Teachers' Ins. Co.*, 588 So. 2d 610 (Fla. 5th

DCA 1991), any damages awarded to Plaintiffs are subject to apportionment by the jury of the total fault of all participants, including, but not limited to, any additional entities or persons revealed through discovery. Lilly specifically reserves the right to amend this Answer to identify any such parties or non-parties and to have such parties or non-parties included on the verdict form pursuant to *Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262 (Fla. 1996).

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER ILLINOIS LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Illinois state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Plaintiffs' claims are barred by the *Moorman* doctrine.

2.       In accordance with the provisions of 735 ILCS 5/2-1116, Plaintiffs' right to recover should barred and/or diminished in proportion to the amount of fault attributable to the Plaintiffs.

3.      Any claim for punitive damages against Lilly in this case is subject to all limitations on and procedures governing such awards, including but not limited to  those provided in 735 ILCS 5/2-1115.05.

4.      In the event Plaintiffs have sustained damages as alleged in the Second Amended Complaint, which Lilly denies, discovery or investigation may reveal that Lilly's damages are reduced, in whole or in part, by the provisions of 740 ILCS 100.

5.      Plaintiffs' claims for pre-judgment interest are barred under Illinois law.

6.      Plaintiffs' claims for post-judgment interest are limited by the dates and amoutns set forth in 735 ILCS 5/2-1303.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER INDIANA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Indiana state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Any claim for punitive damages against Lilly in this case is subject to all limitations on and procedures governing such awards, including but not limited to those provided in Ind. Code § 34-51-3-1, et seq., and/or the corresponding laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

2.      Pursuant to Indiana Code § 34-51-2-14, et seq., Plaintiffs' damages, if any, were caused in full or in part by non-parties to this litigation whose identity or identities are not presently known.  Because discovery has not yet been undertaken, Lilly has not had the opportunity to discover the identity of any potential non-parties and is thus unable to state whether there are persons that should be named as non-parties.  Lilly reserves the right to name any such non-parties upon discovery of the identity of any potential non-parties.

3.      Lilly is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Indiana and any other state whose law is deemed to apply in this case, including but not limited to the Indiana Product Liability Act, Indiana Code § 34-20-1-1, et seq.

4.      Plaintiffs failed to exercise ordinary care on their own behalf for their own safety which caused or contributed to the alleged injury or damage, if any.  Consequently, Plaintiffs' right to recover should be diminished and/or barred by that proportionate share of fault in accordance with the provisions of Ind. Code § 34-20-8-1 and § 34-51-2-1, et seq.

5.      Plaintiffs' claims are subject to all procedures, limitations and restrictions contained in the Indiana Comparative Fault Act, Ind. Code § 34-51-2-1, et seq.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER LOUISIANA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Louisiana state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Plaintiffs' claims are governed by and subject to the Louisiana Product Liability Act (LPLA), La. Rev. Stat. Ann. §§ 9:2800.51 et seq., including but not limited to all procedures, definitions, limitations, restrictions and standards therein.

2.      Plaintiffs' claims are subject to all procedures, limitations and restrictions contained in the Louisiana Civil Code concerning comparative fault, including but not limited to La.Civ.Code Ann., article 2323.

3.      Plaintiffs' claims for punitive damages, if any, are not recoverable under Louisiana law.  La.Rev.Stat.Ann. §§9:2800.53 et seq.

4.      Lilly specifically avers the availability of La. R.S. 9:2800.59 and avers that its product was designed, manufactured, packaged, labeled, sold, and distributed in conformity with the then existing reasonably available scientific and technological knowledge and, therefore, can have no liability in the premises.

5.      Plaintiffs' claims are subject to all Louisiana laws concerning rehibition.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER MINNESOTA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Minnesota state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Alternatively, Defendant is entitled to a presumption that the product at issue is not defective or unreasonably dangerous.

2.      The claims asserted in the Second Amended Complaint are barred, in whole or in part, by the doctrine of abstention, in that the common law give deference to discretionary actions by the FDA under the FDCA.

3.      The conduct of Defendant with respect to Cymbalta has been and is under the supervision of the FDA.  Accordingly, this action, including any claims for monetary and/or injunctive relief, is barred by the doctrine of primary jurisdiction and failure to exhaust administrative remedies.

4.      Plaintiffs' claims are barred in whole or in part, by the principles set forth in the Restatement (Second) of Torts § 388, Comment n.

5.      Plaintiffs' claims for exemplary damages are limited by Minnesota Statutes §§ 549.191 and 549.20, or similar provisions of other applicable state law and Defendants assert all defenses and limitations on punitive damages contained therein.

6.      In the event Plaintiffs have sustained damages as alleged in the Second Amended Complaint, which Lilly denies, discovery or investigation may reveal that Lilly's damages are reduced, in whole or in part, by the doctrine of contribution.

7.      Plaintiffs' claims are barred in whole or in part because adverse events associated with the discontinuation of Cymbalta in clinical trials are appropriately described in the Cymbalta prescribing materials.

8.     Lilly invokes all defenses and/or limitations available to it under the Minnesota Consumer Fraud Act and any other relevant state consumer protection statutes.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER MISSOURI LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Missouri state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by application of Missouri's doctrine of comparative fault. Lilly invokes said doctrine in the unlikely event that liability is established by Plaintiffs in this case.

2.     Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in Chapter 408 of the Missouri Revised Statutes.

3.     Any claim for punitive damages is limited by Missouri's requirement of proof by clear and convincing evidence.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER OKLAHOMA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Oklahoma state law is applicable to Plaintiff's Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.     Plaintiff has failed to plead fraud, misrepresentation, and/ or concealment with the particularity required under 12 Okla. Stat. § 2009(B) and the common law of Oklahoma, any rule or statute of any other state whose law is deemed to apply in this case, and under any common law principles of any state whose law is deemed to apply in this case.

2.    Plaintiff's Complaint seeks damages in excess of those permitted by law.  Lilly asserts any statutory or judicial protection from punitive or exemplary damages which is available under the applicable law, including but not limited to 23 O.S. § 9.1, and any award of punitive or exemplary damages is barred.

3.    As applied, 23 O.S. § 9.1 is unconstitutionally vague and violates Lilly's right of procedural and substantive due process under the United States Constitution because Section 9.1 permits punishment for conduct that reasonable people could conclude was lawful.

4.    Lilly did not make nor did it breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relies on any theory of breach of warranty, such claims are barred by applicable law and/or by Plaintiff's failure to give Lilly timely notice of the alleged breach of warranty.  Lilly further specifically pleads as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code, as enacted in the State of Oklahoma and any other state or territory whose law is deemed to apply in this case.

5.    Plaintiff's right to recover damages in this action, if any, is statutorily limited by 12 O.S. § 1053.

**ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
UNDER PENNSYLVANIA LAW**

In addition to the general Affirmative and Other Defenses stated above, to the extent Pennsylvania state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.    Any liability that might otherwise be imposed upon this Defendant is subject to a reduction by application of the doctrine of comparative fault.  Lilly invokes the provisions of 42 Pa. Cons. Stat. § 7102 in the unlikely event that liability is established by Plaintiffs in this case.

2.      Plaintiffs' claims are barred in whole or in part because Lilly's conduct conforms with medical knowledge.

3.      Lilly's advertisement and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Pennsylvania Constitutions.

4.      Any recovery by Plaintiffs for medical or healthcare expenses should be limited to the amount actually paid or incurred.  Specifically, Plaintiffs are not entitled to an award of damages for medical bills for which no obligation to pay exists and/or ever existed.

5.      Any claim for punitive damages requires proof by "clear and convincing evidence."

6.      The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to Pa. Rule of Civil Procedure 213(b).

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER TENNESSEE LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Tennessee state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in Tenn. Code Ann. § 47-14-121, *et seq.*

2.      Lilly fully asserts all provisions of the Tennessee Products Liability Act, Tenn. Code Ann. § 29-28-101, *et seq.* and states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable

to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

3.      Any claim for punitive damages is limited by Tenn. Code Ann. § 29-39-104 which requires proof by "clear and convincing evidence." Lilly asserts all other defenses and limitations on punitive damages contained in Tenn. Code Ann. § 29-39-104.

4.      The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to Tenn. Code Ann. § 29-39-104.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER TEXAS LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Texas state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Any liability that might otherwise be imposed upon this Defendant is subject to reduction by application of the doctrine of comparative fault. Lilly invokes the provisions of Section 33.001 and Section 33.013 of the Texas Civil Practice and Remedies Code in the unlikely event that liability is established by Plaintiffs in this case.

2.      Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in the following:

     (a)      Art. 5069-1.05 § 6, TEX. R. CIV. STAT.;

     (b)      Chapter 304, TEXAS FINANCE CODE; and

     (c)      Chapter 41, TEX. CIV. PRAC. & REM. CODE.

3.      Any recovery by Plaintiffs for medical or healthcare expenses should be limited to the amount actually paid or incurred. TEX. CIV. PRAC. & REM. CODE § 41.0105. Specifically,

Plaintiffs are not entitled to an award of damages for medical bills for which no obligation to pay exists and/or ever existed.

4.      Lilly fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

5.      Any claim for punitive damages is limited by § 41.003 of the Texas Civil Practice and Remedies Code which requires proof by "clear and convincing evidence."

6.      Any claim for punitive damages is limited by § 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of economic damages, plus an amount equal to noneconomic damages, not to exceed $750,000.00, or $200,000.00, whichever is greater. Lilly asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

7.      The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to § 41.009 of the Texas Civil Practice and Remedies Code and *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

<u>**ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES UNDER UTAH LAW**</u>

In addition to the general Affirmative and Other Defenses stated above, to the extent Utah state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Lilly is entitled to, and claims the benefit of, all defenses, presumptions and limitations set forth in or arising from any rule or statute in the State of Utah and any other state

whose law is deemed to apply in this case, including but not limited to the Utah Products Liability Act, Utah Code Ann. §§ 78B-6-701 through 78B-6-707.

2.      Plaintiffs' claims are subject to all procedures, limitations and restrictions in Utah statutes and case law concerning comparative fault, including but not limited to Utah Code Ann., Chapter 5, Part 8, including §§ 78B-5-817 through 78B-5-820.

3.      Plaintiffs' claims for punitive damages are barred by Utah Code Ann. § 78B-8-203.

4.      Any claim for punitive damages is subject to and limited by Utah Code Ann. Chapter 8, Part 2, including §§ 78B-8-201 through 78B-8-203

WHEREFORE, Lilly respectfully demands judgment dismissing the Second Amended Complaint with prejudice and awarding Lilly its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and further relief that the court may deem just and proper.

## JURY DEMAND

Lilly demands a trial by jury as to all issues triable.

DATED this 20th day of July, 2015.

Respectfully submitted,

ICE MILLER LLP

*s/ Nancy Menard Riddle*
Nancy Menard Riddle, Atty. No. 15075-49
Email: Nancy.Riddle@icemiller.com

Phone: (317) 236-2189
Fax: (317) 592-4740
Mary Nold Larimore, Atty. No. 9877-49
Email: Larimore@icemiller.com
Phone: 317-236-2407
Fax: (317) 592-4688

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200


*Attorneys for Defendant*
*Eli Lilly and Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the court's system.

Diane Marger Moore
dmargermoore@baumhedlundlaw.com
Robert Brent Wisner
rbwisner@baumhedlundlaw.com


*s/ Nancy Menard Riddle*
Nancy Menard Riddle