UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATASHA LYNETTE BOLES, ET AL., )<br>    *Plaintiffs*, )<br>)<br>*vs.* )<br>)<br>ELI LILLY AND COMPANY, )<br>    *Defendant.* ) | 1:15-cv-00351-JMS-DKL |

## **ORDER**

On August 22, 2015, Plaintiffs filed a Response to Court's Order Regarding Submission of Citizen Declarations. [Filing No. 28.] The Response addresses the Court's August 11, 2015 Order, [Filing No. 27], which required them to serve declarations on Defendant Eli Lilly and Company ("Eli Lilly") from Plaintiffs Glenda Elliott and Sam Summerlin relating to their respective citizenships, and to facilitate the filing of a joint jurisdictional statement, by August 21, 2015.

In their Response – filed the day after the August 21, 2015 deadline – Plaintiffs state that while they served a declaration relating to Ms. Elliott's citizenship by the deadline, they have not been able to obtain a declaration from Mr. Summerlin. [Filing No. 28 at 2.] In fact, Plaintiffs' counsel advises that it has not been in contact with Mr. Summerlin since before this lawsuit was filed in February 2015. [Filing No. 28 at 2.] In lieu of a declaration, Plaintiffs submit: (1) a form titled "Cymbalta Withdrawal Question[n]aire," which is undated, allegedly completed by Mr. Summerlin, and lists his address as a Post Office Box in Florida, [Filing No. 28-1][1]; (2) a note,

---

[1] The Form, as filed, contains Mr. Summerlin's complete birth date. The Court **DIRECTS** the Clerk to **SEAL** this document, [Filing No. 28-1], and **ORDERS** Plaintiffs to re-file the document with Mr. Summerlin's full birthdate redacted immediately. Further, the Court cautions Plaintiffs' counsel to ensure that documents with personal identifiers are only filed in redacted form in the future. Fed. R. Civ. P. 5.2(a) (requiring certain personal identifiers to be redacted in court filings, including full birth dates).

purportedly written by Mr. Summerlin, which identifies several pharmacies and medical providers located in Florida, [Filing No. 28-2]; and (3) a voter registration information form for Mr. Summerlin that Plaintiffs' counsel purportedly obtained from Westlaw, indicating that Mr. Summerlin was registered to vote in Florida as of January 2015, [Filing No. 28-3].

The Court notes at the outset – as it has done in the numerous other jurisdictional orders that have been issued in this case – that it has a responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). While Plaintiffs acknowledge this fact and note that their response is made "with respect to the Court," they also state that the Court has raised the issue of Mr. Summerlin's citizenship "*sua sponte*," that "there is no dispute about whether Plaintiffs allegations concerning state citizenship are accurate," that they are attempting to comply with "this Court's unique subject-matter jurisdiction requirements," and that the Court should exercise its "discretion" and find that it has diversity jurisdiction here. [Filing No. 28 at 3.] Plaintiffs appear to insinuate that the Court is somehow going overboard. Putting aside the potentially disrespectful nature of these comments, at bottom they demonstrate that Plaintiffs misunderstand the nature of subject-matter jurisdiction, and the role of Plaintiffs, their counsel, and the Court with respect to subject-matter jurisdiction. First, and again, the Court must determine that it has subject-matter jurisdiction at the outset of the case, and counsel has a professional obligation to determine whether this is so as well. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court suggests that Plaintiffs' counsel review *Hart v. Terminex Intern.*, 336 F.3d 541 (7th Cir. 2003), in which the Seventh Circuit Court of Appeals stated:

> After eight years in federal court and consideration by four federal judges (two magistrate and two district court) this case comes before us on appeal. This substantial consumption of federal resources makes it all the more regrettable that we

> must now order the dismissal of the case for lack of subject matter jurisdiction rendering everything that has occurred in those eight years a nullity. The mandate of limited federal jurisdiction must be honored by all and the parties to the instant litigation have failed to do so despite this court's numerous warnings. Indeed our warnings have focused on the exact issue that it at the root of the jurisdictional problem in this case, namely, the misidentification in diversity cases of the citizenship of parties….

*Id.* at 541. *See also id.* at 544 ("We…emphasize that this waste of federal judicial resources and delay of justice was avoidable and reiterate our admonitions to future litigants to meticulously review the limits of federal jurisdiction"); *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (dismissing case for lack of subject matter jurisdiction after three years of litigation, despite the parties not raising the issue to the district court or on appeal).

The Court's requirement that Plaintiffs submit a declaration from Mr. Summerlin regarding his citizenship, and the numerous other orders the Court has had to enter in this and other similar cases regarding jurisdiction, is not "unique" as Plaintiffs suggest. At least two to three times per week, this Court orders parties to re-plead, submit jurisdictional statements, or provide evidence where jurisdiction is contested. In doing so, the Court is simply carrying out its obligation of determining that it has subject-matter jurisdiction before allowing the litigation to proceed. The Seventh Circuit Court of Appeals imposes the same obligation of diligence on counsel. Accordingly, the parties must comply with Court orders relating to that obligation. Indeed, the Court cannot think of a more important responsibility for plaintiffs that choose to bring a lawsuit in federal court than to demonstrate to the Court at the outset of the litigation that subject-matter jurisdiction exists.

Further, despite Plaintiffs' characterization of what has happened thus far in the litigation, there is a dispute regarding Mr. Summerlin's citizenship because the parties have not been able to reach an agreement as to what that citizenship is. Eli Lilly has stated that it lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of those allegations and has declined to admit them in its Answer. It has proposed that Mr. Summerlin provide a declaration but, to date, he has not done so. Eli Lilly has not accepted any of the documents Plaintiffs filed as exhibits to their Response as proof of Mr. Summerlin's citizenship. Accordingly, the parties do dispute whether Mr. Summerlin is a citizen of Florida – Plaintiffs say he is, and Eli Lilly says it does not know whether he is.

Plaintiffs chose to bring this lawsuit in federal court, and it is their burden to demonstrate to the Court that it has subject-matter jurisdiction. Given the dispute, Plaintiffs must establish by a preponderance of the evidence that the litigation is between citizens of different states, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) ("A proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence"). In what they call an "eleventh-hour attempt," Plaintiffs have provided documentation to support their allegation that Mr. Summerlin is a resident of Florida, but the documents they submit are not admissible evidence from which the Court can draw conclusions regarding his citizenship. Further, there is no indication that Plaintiffs' counsel will be able to reach Mr. Summerlin in the near future, to potentially obtain a declaration.

Finally, the Court does not have "discretion" when it comes to whether it has subject-matter jurisdiction, as Plaintiffs suggest. Rather, the issue is black and white – there either is subject-matter jurisdiction or there is not. The problem in this case is that, as to Mr. Summerlin's claims, the Court cannot answer that question because Mr. Summerlin has not sustained his burden of proof. The Court cannot and will not look the other way and allow his claim to proceed without resolution of this issue.

Accordingly, because Mr. Summerlin seeks to invoke this Court's diversity jurisdiction, has had several chances to provide proof of his citizenship, and was warned that failure to provide such proof could result in dismissal of his claim, the Court **DISMISSES WITHOUT PREJUDICE** Mr. Summerlin's claims. The Clerk is **DIRECTED** to terminate him as a party to this litigation. The Court simply will not embark on a potentially long journey with these parties without insuring that it has subject-matter jurisdiction over *each* of the Plaintiffs' claims.[2]

Finally, as to Ms. Elliott, the Court notes that Plaintiffs have not complied with the portion of the Court's August 11, 2015 Order which required Plaintiffs to "facilitate the filing of a joint jurisdictional statement setting forth the citizenship[]" of Ms. Elliott after a declaration was provided to Eli Lilly. [Filing No. 27 at 1.] So, while Plaintiffs have provided the required declaration from Ms. Elliott to Eli Lilly, the parties have not reported to the Court whether Lilly now admits the Complaint's allegations as to Ms. Elliott's citizenship. Plaintiffs must facilitate the filing of a joint jurisdictional statement as to Ms. Elliott's citizenship by **September 1, 2015** and must ensure in the future that they are complying with all aspects of this Court's orders – and complying in a timely fashion as well.

Date:  August 25, 2015

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[2] The Court has made clear from the outset of this litigation that each Plaintiff's claim stands on its own jurisdictional merit. *See, e.g.*, *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (each plaintiff must meet amount in controversy requirement); *see also* Filing No. 12 at 1 (referencing jurisdictional orders in other cases filed by Plaintiffs' counsel against Eli Lilly that required that Plaintiffs properly allege the basis for the Court's jurisdiction for *each* Plaintiff's claim).